**ONEIDA INDIAN NATION OF NEW YORK, Plaintiff,**

v.

**MADISON COUNTY, Defendants.**

No. 5:00–CV–506.

United States District Court, N.D. New York.

June 5, 2001.

Mackenzie, Smith, Lewis, Michell & Hughes, LLP, Peter D. Carmen, of counsel, Syracuse, NY, for Plaintiff.

Zuckerman, Spaeder, Michael R. Smith, William W. Taylor, III, of counsel, Washington, DC, for Plaintiff.

Nixon Peabody LLP, David M. Schraver, G. Robert Witmer, Jr., P.C., of counsel, Rochester, NY, for Defendant.

## MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

The Oneida Indian Nation of New York ("Nation") filed this action to prevent Madison County ("County") from pursuing a state court *in rem* foreclosure action. The Nation claims federal preemption under the United States Constitution, Article 1, section 8; 25 U.S.C. § 177; and the 1794 Treaty of Canandaigua. The Nation further asserts federal and state due process violations. The County moves to dismiss pursuant to Fed.R.Civ.P. 19, based upon the failure to join allegedly indispensable parties. The Nation opposes the motion. Oral argument was heard on March 9, 2001, in Utica, New York. Decision was reserved.

The facts and background relating to this dispute are set forth in a Memorandum–Decision and Order filed this day in a related case, *Oneida Indian Nation of New York v. City of Sherrill*, 00–CV–223, familiarity with which is assumed. The facts and background will not be repeated here.

## II. DISCUSSION

### A. Standard

A person is necessary and shall be joined as a party if

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). Rule 19 further provides that in the absence of a necessary party the court must determine "whether in equity and good conscience the action should proceed among the parties before it." Fed.R.Civ.P. 19(b). The court should consider "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provision in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed" under this rule. *Id.*

## B. Analysis

The County contends that the Oneida Tribe of Indians of Wisconsin ("Wisconsin") and the Oneida of the Thames ("Thames") are indispensable parties without which the action should not proceed. In opposition the Nation argues that the Wisconsin and the Thames do not believe a judgment in this action will prejudice them and believe the Nation adequately represents their interests in this action. Further, the Nation argues that a judgment in this action will not impair the interests of the Wisconsin and Thames and that a review of the Rule 19(b) factors weighs against dismissal.

In its complaint the Nation seeks declaratory and injunctive relief [1] essentially prohibiting the County from taxing the properties to which the Nation holds fee simple title or from foreclosing for failure to pay any such taxes that have been assessed. This relief can be completely accorded among the current parties to the action without the joinder of the Wisconsin and Thames. Moreover, the Wisconsin and Thames, although they claim an interest in any claim to the land, they do not claim an interest in the subject matter of this suit, taxation of the land held in fee simple by the Nation. They further affirm that their absence from the instant litigation will not impede their ability to protect their interest in the land claim.[2] There is no danger of any party incurring multiple obligations by reason of the claimed interest of the Wisconsin and Thames.

In opposition to the motion the Nation has submitted sworn declarations of official representatives of the Wisconsin and Thames. (Carmen Aff. sworn to June 30, 2000, Ex. A–B.) The Wisconsin and Thames each state that they oppose the motion to dismiss, they support the Nation's assertion that the land is not taxable, they choose not to join this action, and they believe their interests will not be prejudiced by their absence from this action. The County argues that the Wisconsin and Thames declarations should not be considered as they are conclusory and not based upon personal knowledge. However, it seems straightforward that the party itself would be the best judge of whether it had an interest in the subject matter of the litigation and whether its interests were adequately protected in its absence. Although not conclusive, the declarations will be considered.

The Nation can obtain the complete relief that it seeks, a declaration that the property it holds in fee simple is not taxable and an injunction enjoining the County from assessing taxes against the property or from foreclosing for tax delinquencies, without the Wisconsin and Thames being parties to the suit. Pursuant to the first prong of Fed.R.Civ.P. 19(a), the Wisconsin and Thames are not necessary parties. *See ConnTech Dev. v. Univ. of Conn. Ed. Props., Inc.*, 102 F.3d 677, 682 (2d Cir.1996). Additionally, the Wisconsin and Thames claim no interest in the subject matter of this litigation. Therefore the Wisconsin and Thames are

1. While the Nation seeks attorneys fees and costs pursuant to 42 U.S.C. § 1988 as a prevailing party, the only substantive relief sought is declaratory and injunctive.

2. The Wisconsin and Thames, along with the Oneidas, are plaintiffs in the land claim litigation. *Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 65 (N.D.N.Y.2000). Because in the land claim litigation it has been determined that ejectment of current possessors of the disputed land is not a viable remedy, *id.* at 90, the Wisconsin and Thames (and the Nation) cannot claim current repossession of the land. Thus, the Wisconsin's and Thames' interests in the land claim are not adverse to the Nations'.

not necessary parties under the second prong of Fed.R.Civ.P. 19(a). *See id.* (finding that where a party does not claim an interest relating to the subject matter of the action it is not a necessary party under Fed.R.Civ.P. 19(a)).

Finally, a declaration that the properties at issue are taxable (or not) will not prejudice the Wisconsin or the Thames and any such judgment would afford the current parties full relief. Thus, even if the Wisconsin and Thames were considered absent necessary parties, in equity and good conscience the action should proceed among the Nation and the County. *See* Fed. R.Civ.P. 19(b).

### III. *CONCLUSION*

The Wisconsin and Thames are not necessary parties. Even if considered necessary, the action should proceed in their absence.

Accordingly, it is

ORDERED that the County's motion to dismiss is DENIED.

IT IS SO ORDERED.